IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-751C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to RCFC 56(h)(1), defendant respectfully submits the following proposed findings of uncontroverted fact in support of Defendant's Motion For Summary Judgment:

1. In 2003, the United States Army Corps of Engineers ("Corps") entered into a construction contract with Lasker, Inc. ("Lasker"). Compl. ¶ 3. The total initial contract price was $1,811,000.00. Ex. 1.

2. CIC, as surety, provided payment and performance bonds for the project in the penal sums of $1,811,000.00. Compl. ¶ 4.

3. On June 17, 2004, Lasker submitted pay application number 10, seeking $146,247.40. Ex. 1. At the time that Lasker submitted application number 10, it had already received $1,636,923.60, leaving a balance of contract funds of $183,684.40. Pay application number 10 was not a request for final payment. Ex. 1.

4. On June 23, 2004, the Corps advised CIC that the Corps contemplated paying Lasker only $67,000, while retaining $116,000 for closeout, punchlist, and incomplete work. Ex. 2.

5. On June 25, 2004, CIC sent a letter to the Corps, addressed to the contracting officer's representative, advising that CIC had received claims from Lasker's subcontractors. CIC purported to "withdraw" its "previous consents" to make payment to Lasker. Ex. 3.

6. As of June 18, 2004, the contract was 98 percent complete; however, there were outstanding deficiencies and incomplete work that needed to be addressed. Exs.4 and 6.

7. On June 26, 2004, the contracting officer's representative advised Lasker that its pay application number 10 was "not a proper invoice." The reasons stated for rejecting the application were the existence of deficiencies and/or incomplete work as reflected on a final punch list, the fact that the remaining contract balance was insufficient to protect the Government's interest for payments due to subcontractors and suppliers, the fact that subcontractors and suppliers had not been paid from previous payments, and, accordingly, Lasker's certification, pursuant to FAR 52.232-5, was inconsistent with its nonpayment of subcontractors and suppliers. Ex. 4.

8. On or about July 27, 2004, Lasker submitted a revised pay application number 10. Ex. 5.

9. On August 3, 2004, payment was made to Lasker in the amount of $106,447.50. Ex. 7.

10. On August 4, 2004, Lasker sent a letter to the Corps demanding that all further payments be forwarded directly to CIC. Ex. 8.

11. On August 30, 2004, CIC sent a letter to the Corps advising that it had learned of the recent payment to Lasker and demanding that Corps reimburse CIC for costs and expenses related to the "premature release of contract funds." Ex. 9.

12. The contracting officer responded on September 10, 2004, advising CIC that, in accordance with FAR 28.106-7(a), he was precluded from withholding payment to Lasker. The letter further advised that the Corps had received an "Assignment of Claims" on August 12, 2004, but that payment to Lasker had already been made. Ex. 10.

13. On February 11, 2005, CIC filed a certified claim for damages resulting from the Corps' payment of $106,477.50 to Lasker. Ex. 11.

14. On May 17, 2005, the contracting officer denied CIC's allegation that a wrongful payment had been made. Ex. 12.

15. To the extent that CIC made payments to subcontractors of Lasker, such payments were made pursuant to its obligations under its payment bond with Lasker.

16. At no time did CIC finance completion of the project or execute a takeover agreement with the Government to complete construction performance.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

October 27, 2005