May 20, 2004

SUBJECT: Contract DACA03-03-C-0011, C-130J Engine & Propeller Storage Building, Little Rock Air Force Base, Pulaski County, Subcontractor Payment

REGION V
M. HENNIGAN - #02
MAY 27 2004
LCR ☐ RUSH ☒
CR ☐ FILE ☐

BOND DEPT.
MAY 25 2004

Mr. Alan Kays
Lasker, Inc.
412 Sturgis Road
Conway, AR 72032

Dear Mr. Kays:

My office received a copy of the attached letter from AAA Hoist and Crane Co. on May 14, 2004. The letter indicates that as of May 10, 2004, that company had not received payment from you. Our records indicate that with Payment Estimate # 8, you had been paid $48,500 for crane-related activities (#14630, OH Elect. Crane Runway Beams; #14631, OH Electric Crane) on about April 13, 2004.

Subsequent to receipt of the above-referenced letter, I contacted two subcontractors who had previously reported lack of payment to my office: NBMC and Comfort Systems. Both companies reported that your company was significantly in arrears in payments to them.

The contract requires that payment be made to subcontractors within 7 calendar days of receipt of payment by you. The Government must be notified in writing of any withholding of funds from subcontractors. I have reviewed pay estimates and correspondence on the project to date and find no such notifications.

Therefore, within 5 days of receipt of this letter, provide my office with documentation to recap payments received for work performed by these three subcontractors and payments subsequently made to them. If payment was not made in 7 calendar days to these subcontractors, provide the reasons for such. Additionally, if other subcontractors were not paid within 7 calendar days of receipt of payment by you, provide the reasons for such.

Sincerely,

John A. Balgavy, P.E.
Contracting Officer's
Representative

Exhibit "1"

Enclosure

Copy Furnished:

CESWL-CT
CESWL-EC-C
CESWL-EC-CL
Jim Sewell

✓The Cincinnati Insurance Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496

Traci Hankins
Bond Service Agent - Power of Attorney
Ramsey, Krug, Farrell & Lensing
8315 Cantrell Road
Little Rock, Arkansas 72225

Ms. Carol Silverstrom
U.S. Small Business Administration
2120 Riverfront Drive, Suite 250
Little Rock, Arkansas 72202-1747

RECEIVED

# APPLICATION FOR PAYMENT SUMMARY

FROM: Lasker, Inc.
412 Sturgis Road
Conway, Arkansas 72032

CONTRACT NO.: DACA03-03-C-0011
PROJECT TITLE: C-130J Engine and Propeller Storage Building
APPLICATION #: 10
APPLICATION DATE: June 17, 2004

For the period from: 27-Apr-04 to 01-Jun-04

| | | |
|---|---|---|
| ORIGINAL CONTRACT AMOUNT | | $1,811,000.00 |
| NET CHANGE BY MODIFICATIONS | | $9,608.00 |
| CONTRACT SUM TO DATE | | $1,820,608.00 |
| TOTAL COMPLETED TO DATE | | $1,799,723.00 |
| ADDITIONAL EARNINGS (not included in contract line items) Payment & Performance Bonds | | $1,729.00 |
| LESS SUBCONTRACTOR RETAINAGE | | $18,254.00 |
| TOTAL EARNINGS TO DATE | | $1,783,198.00 |
| RETAINAGE: | | |
| Percentage of Completed Work: 0% | $0.00 | |
| Percentage of Stored Materials: 0% | $0.00 | |
| TOTAL RETAINAGE: | | $0.00 |
| TOTAL EARNED LESS RETAINAGE | | $1,783,198.00 |
| LESS PREVIOUS PAYMENTS | | $1,636,923.60 |
| CURRENT PAYMENT DUE | | $146,274.40 |
| BALANCE TO FINISH, PLUS RETAINAGE | | $37,410.00 |

Signed: Greg Lasker

Date: 6/17/04

Exhibit "2"

June 17, 2004

U.S. Army Corps of Engineers
Central Arkansas Area Office
P.O. Box 219
Jacksonville, AR 72078-0219

Subject: **Payment Request No.0010**
**Contract DACA03-03-C-0011**

Dear Sir:

Enclosed is Payment Request Number 0010 for Contract DACA03-03-C-0011. The following information is provided in accordance with the contract requirements:

a. Contract Section 00700, Contract Clause 52.232-26, Prompt Payment for Construction Contracts (JUN 1997) - Referenced by Clause Paragraph Number:

(2) (i) Name and Address of Contractor:

**Lasker, Inc.**
**412 Sturgis Road**
**Conway, Arkansas 72032**

(2) (ii) Date of Invoice (Payment Request No. 0010)

**June 17, 2004**

(2) (iii) Contract Number: **DACA03-03-C-0011**

(2) (iv) Description of Work or Services Performed:
**(See Attached Payment Request Number 0010)**

(2) (v) Delivery and Payment Terms:
**(14 days after receipt by designated billing office)**

(2) (vi) Name and Address of Contractor Official to whom payment is to be sent:

**Vernon Lasker**
**Lasker, Inc.**
**412 Sturgis Road**
**Conway, Arkansas 72032**

(2) (vii) Name, title, phone number and mailing address of person to be notified in event of a defective invoice:

**Frankie Rivers**
**Office Manager**
**501-470-3311**
**412 Sturgis Road**
**Conway, Arkansas 72032**

(2) (viii) See attached Payment Request for Substantiation of Amount Requested.

(2) (ix) Other Information or Documentation Required:
**(see attached payment request)**

b. Contract Section 00700, Contract Clause 52.232-5, Payments Under Fixed-Price Construction Contracts (May 1997) - Referenced by Clause Paragraph Number:

(b) (1) (I) See Attached Payment Request for "Itemization of the Amount Requested":

(b) (1) (ii)
Thru
(b) (1) (iv) Required Subcontractor Data (See Data Sheet Attached to the Request for Payment That Lists Each Subcontractor, the Subcontract Amount, and Applicable Amounts Paid to Each):

(c) Contractor's Certification:
I hereby certify, to the best of my knowledge and belief, that --

(1) The amounts requested are only for performance in accordance with the specifications, terms and conditions of the contract;

Case 1:05-cv-00751-NBF Document 8 Filed 10/27/2005 Page 5 of 24



(2) Payments to subcontractors and suppliers have been made from previous payments received under the contract and timely payments will be made from the proceeds of the payment covered by this certification, in accordance with subcontract agreements and the requirements of Chapter 39 of Title 31, United States Code; and

(3) This request from progress payment does not include any amounts which the prime contractor intends to withhold or retain from a subcontractor or supplier in accordance with the terms and conditions of this contract.

(4) This certification is not to be construed as final acceptance of a Subcontractor's performance.

NAME: Greg Lasker GREG LASKER
(print and sign)

TITLE: GENERAL MANAGER

DATE: 6/17/04

U.S. Army Corps of Engineers
Central Arkansas Area Office
P.O. Box 219
Jacksonville, Arkansas 72078-0219
Office: 501-988-4153 Fax: 501-988-1530

Date: 6/23/04
To: Tom Crafton
Fax Number: ______
Pages (Including Cover) ______
Re: Lasker Constr. Little Rock AFB
From:

| | | | |
|---|---|---|---|
| X | Dan Clemans (x101) | | Rod Garner (x102) |
| | John Balgavy (x118) | | Todd Hill |
| | Kurt Kueter | | Mike Kohler |
| | Dennis Carpenter | | Steve Ring |
| | Roger Smith | | Kathy Ray |
| | Jennifer Crafton | | Jennifer Winkler |

The first 12 pages are from his pay estimate we received this week. I've also enclosed a ruled sheet with a hand written talley of what I think we could pay him ($67K) while holding enough for close out, punch list and incomplete work ($16K). The last page is the punch list from the occupancy inspection held last week.

Exhibit "3"

ALBER CRAFTON, PSC
ATTORNEYS AT LAW

Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222
Telephone: (502) 815-5000
Facsimile: (502) 815-5005

Thomas E. Crafton
tcrafton@albercrafton.com

June 25, 2004

John A. Balgavy, P.E.
Contracting Officers Representative
Via Fax: (501)988-1530

| | | |
|---|---|---|
| Re: | **Our Client:** | **The Cincinnati Insurance Company** |
| | **Bond No.:** | **B80-843564** |
| | **Project:** | **C-130J Engine & Propeller Storage Building**<br>**Little Rock Air Force Base, Pulaski County** |
| | **Contract No.:** | **DACA03-03-C-0011** |

Dear Mr. Balgavy:

This law firm represents The Cincinnati Insurance Company ("Cincinnati") in connection with certain payment bond claims made against the above-referenced bond issued on behalf of Lasker, Inc. ("Lasker") and in favor of the U.S.A. with respect to the above project. To date Cincinnati has received claims from the following subcontractors:

| | |
|---|---|
| AAA Hoist & Crane Cleaning | $ 36,664.00 |
| Comfort Systems USA | $187,108.00 |
| Central Industrial Electric Company | $199,849.00 |

In connection with my representation of Cincinnati, I have recently reviewed the pending Pay Application No. 10 submitted by Lasker on June 17, 2004. With respect to that Application, please note the following:

1. As of June 1, 2004, all retainage either has been released or the contract did not call for retainage. Please provide with whatever documentation you have with respect to release of retainage on this project.

2. The total contract balance amounts to $183,687.40. The balance, of course, is not sufficient to satisfy Lasker's outstanding obligations on this project,



Exhibit "4"

John A. Balgavy, P.E.
Contracting Officers Representative
June 25, 2004
Page -2-

Pursuant to Lasker's June 17, 2004 Payment Request, as certified in Section b.(2), "payments to subcontractors and suppliers have been made from previous payments received under this contract and timely payments will be made from the proceeds of the payment by the certification, in accordance with said contract agreements and the requirements of Chapter 39, Title 31, U.S.C.; . . . ."

Under the circumstances, it does not appear that Lasker can comply with the certification, inasmuch as there are insufficient funds remaining in the contract to satisfy his outstanding contractual obligations to project creditors. Under the circumstances, Cincinnati respectfully requests that you review your contract with Lasker and enforce the contract provisions which apply to this situation. All previous consents of surety with respect to payments to Lasker are hereby withdrawn.

If you have any questions regarding this letter or Cincinnati's position in this matter, please feel free to call.

Very truly yours,

Thomas E. Crafton

TEC/jp

cc: Rob Garner
Dan Clemons
J. Michael Hennigan
Mike Halter
Greg Lasker
A.J. Brown

DEPARTMENT OF THE ARMY
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
CENTRAL ARKANSAS AREA OFFICE
Post Office Box 219, JACKSONVILLE, AR 72078-0219
Business (501) 988-4153 Fax (501) 988-1530

June 26, 2004

SUBJECT: Contract DACA03-03-C-0011, C-130J Engine & Propeller Storage Building, Little Rock Air Force Base, Pulaski County, Contractor's Letter of Transmittal Dated 06/17/2004 (Received 21 June 2004), Payment Request No. 10

Lasker, Inc.
Attn: Mr. Greg Lasker
412 Sturgis Road
Conway, AR 72032

Dear Mr. Lasker:

Upon receipt and review of your Request For Payment No. 10, I find that it is not a proper invoice pursuant to the provisions of Contract Section 00700, Contract Clause 52.232-27, for the following reasons:

a. The amounts requested contain several payment activities indicated as 100% complete without consideration of deficiencies and/or incomplete work reflected on the Final Inspection Punch List provided on 24 June 2004.

b. The remaining Contract Balance is insufficient to protect the Governments interest for outstanding payments due Subcontractor's and/or Suppliers.

c. Payments to Subcontractor's and/or Suppliers have not been made from previous payments disbursed as required by the Contract.

d. Your Certification provided pursuant to Contract Section 00700, Contract Clause 52.232-5 is not in compliance with paragraph c. above concerning previous payments to Subcontractor's and/or Suppliers and is considered defective.

In accordance with the above, you are hereby formally notified that I am taking no action to process the requested payment. You may resubmit your request upon satisfying the above items. If you have questions or require additional information, please do not hesitate to contact me at (501) 988-4153 x 102.

Sincerely,

Rod Garner
Rod Garner
Contracting Officer's
Representative

Exhibit "5"

Copy Furnished:

✓CESWL-CT
CESWL-EC-C
CESWL-EC-CL
CESWL-OC — Copy to Counsel
CESWL-PM
Cincinnati Insurance Company
Alber Crafton, PSC (Mr. Thomas. E. Crafton)
QA Representative (Mr. Jim Sewell)

# PAYMENT ESTIMATE - CONTRACT PERFORMANCE

For use of this form, see ER 37-2-10 and ER 37-345-10

1. INVOICE RECEIVED DATE 27 Jul 2004
PAYMENT DUE DATE 10 Aug 2004
Sheet 1 of 2

2. CONTRACTOR AND ADDRESS Lasker, Inc.
412 STURGIS RD CONWAY AR 72032

3. CONTRACT NO. DACA03-03-C-0011 NA

4. DISTRICT Little Rock District

5. DESCRIPTION OF WORK
C130J Engine and Propeller Storage Bldg.

6. APPROPRIATION AND PROJECT 57-NA-2003-3300-0000

7. REQUIRED COMPLETION DATE 03 May 2004

8. LOCATION LRAFB, Pulaski County, Arkansas

9. PERIOD COVERED BY THIS ESTIMATE FROM 27 Apr 2004 THRU 18 Jun 2004

10. JOB ORDER NO.

11. ESTIMATE NO. 10

| ITEM NO. a | DESCRIPTION b | CONTRACT: QUANTITY AND UNIT c | CONTRACT: UNIT PRICE d | CONTRACT: AMOUNT e | TOTAL TO DATE: QUANTITY AND UNIT f | TOTAL TO DATE: AMOUNT g |
|---|---|---|---|---|---|---|
| | CONTRACT AMOUNT (contract line items - see attached sheets) | | | $1,820,608.00 | 98% | $1,782,903.00 |
| | ADDITIONAL EARNINGS (not included in contract line items) - PERFORMANCE AND PAYMENT BONDS | | | | | 448.00 |
| | SUBCONTRACTOR DEDUCTIONS BY PRIME CONTRACTOR | | | | | [16,706.00] |
| INCLUDES MODIFICATIONS THRU | 97 % EARNINGS TO DATE<br>97 % LESS STORED MATERIAL | TOTAL CONTRACT → | | $1,820,608.00 | TOTAL EARNINGS TO DATE → | $1,766,645.00 |

REMARKS
ACTUAL % COMPLETED: 98%
SCHEDULED % COMPLETE: 100%
CONTRACT SUBSTANTIALLY COMPLETE & BOD ON 18 JUNE 2004.
PREVIOUSLY WITHHELD RETAINAGE OF $23,273.90 IS ADJUSTED TO $13,326 (46 DAYS LATE @ $181/CD = $8,326 FOR LATE FINISH OF 18 JUNE 04 VS CURRENT COMPLETION OF 3 MAY 04, AND, $5,000 FOR OUTSTANDING DEFICIENCIES AND CONTRACT CLOSE OUT).

12. PRESENTED FOR PAYMENT

PAYEE: LASKER INC
PER:
DATE:
TITLE:

13. APPROVED AMOUNT

I certify that I have checked the quantities covered by this bill or estimate; that the work was actually performed; that the quantities are correct and consistent with all previous computations as actually checked; that the quantities and amounts are wholly consistent with the requirements of the contract or other instrument involved.

SIGNATURE: DeJuan J. Carter, Project Engineer
DATE:

CONTRACTING OFFICER APPROVAL (Signature): Rod Garner, Contracting Officer's Representative
DATE:

| 14. | | |
|---|---|---|
| A. PREVIOUS RETAINED PERCENTAGE | $23,273.90 | |
| B. PREVIOUS OTHER DEDUCTIONS | $0.00 | |
| C. PREVIOUS LIQUIDATED DAMAGES | $0.00 | |
| D. PREVIOUS PAYMENTS | $1,636,923.60 | |
| E. PREVIOUS EARNINGS (A + B + C + D) | | $1,660,197.50 |
| F. EARNINGS THIS PERIOD (TOTAL EARNINGS TO DATE MINUS E) | | $106,447.50 |
| G. LESS RETAINED PERCENTAGE | $0.00 | |
| H. LESS OTHER DEDUCTIONS | $0.00 | |
| I. TOTAL DEDUCTIONS THIS PERIOD (G + H) | | $0.00 |
| J. RETAINAGE REFUND | $0.00 | |
| K. OTHER REFUNDS | $0.00 | |
| L. TOTAL REFUNDS THIS PERIOD (J + K) | | $0.00 |
| M. LIQUIDATED DAMAGES THIS PERIOD | | $0.00 |
| N. AMOUNT DUE CONTRACTOR (F - I + L - M) | | $106,447.50 |

15. TOTALS TO DATE - ALL INVOICES

| | | | |
|---|---|---|---|
| RETAINED PERCENTAGE (A + G - J) | $23,273.90 | LIQ. DAMAGES (C + M) | $0.00 |
| OTHER DEDUCTIONS (B + H - K) | $0.00 | PAID TO DATE (D + N) | $1,743,371.10 |



Exhibit "6"

## PAYMENT ESTIMATE - CONTRACT PERFORMANCE (Continu[illegible])
PAYMENT ESTIMATE CLIN DETAILS

2. CONTRACT NO. DACA03-03-C-0011 NA

She[illegible] 2 of 2

3. CONTRACTOR AND ADDRESS Lasker, Inc.
412 STURGIS RD CONWAY AR 72032

4. PERIOD COVERED BY THIS ESTIMATE FROM 27 Apr 2004 THRU 18 Jun 2004

| ITEM NO. a | MOD. NO. b | DESCRIPTION CONTRACT LINE ITEMS c | CONTRACT QUANTITY AND UNIT d | CONTRACT UNIT PRICE e | CONTRACT AMOUNT f | TOTAL-TO-DATE QUANTITY AND UNIT g | TOTAL-TO-DATE AMOUNT h |
|---|---|---|---|---|---|---|---|
| 0001 | | Engine and Propeller Storage Building | 1.00 LS | $1,790,000.00 | | | |
| | MC001 | Lump Sum Unit Price Increase | 1.00 LS | $9,608.00 | | | |
| | MC006 | Lump Sum Unit Price Increase | 1.00 LS | $0.00 | | | |
| | | Revised Amount CLIN 0001 | 1.00 LS | | $1,799,608.00 | 98% | $1,761,903.00 |
| 0002 | | Provide 12 Removable Bollards as indicated | 1.00 LS | $21,000.00 | $21,000.00 | 100% | $21,000.00 |
| | | TOTALS THIS PAGE | | | 1,820,608.00 | | 1,782,903.00 |

ENG FORM 1 MAR 78 93 PREVIOUS EDITION OF THIS FORM IS OBSOLETE

**(USE REVERSE SIDE FOR DETAILED EXLANATION AND -OR REMARKS)

## PAYMENT ESTIMATE - CONTRACT PERFORMANCE (Continued)
OBLIGATION ACCOUNT SUMMARY

CONTRACT NO. DACA03-03-C-0011 NA

Sheet 1 of 1

CONTRACTOR AND ADDRESS Lasker, Inc.
412 STURGIS RD CONWAY AR 72032

PERIOD COVERED BY THIS ESTIMATE
FROM 27 Apr 2004 THRU 18 Jun 2004

OBLIGATION LINE ITEM / FUNDED WORK ITEM

**OBLIGATION LINE ITEM -** 0001
ENGINE AND PROPELLER STORAGE BUILDING - BASE BID A
**FUNDED WORK ITEM** 533C77
ENGINE/PROPELLER LRAFB CONSTRUCTION

Payment Due Date 08/10/2004

| | This Invoice | All Invoices |
|---|---|---|
| Earnings | $106,447.50 | $1,766,645.00 |
| Less Retained Percentage | $0.00 | $23,273.90 |
| Less other Deductions | $0.00 | $0.00 |
| Retainage Refund | $0.00 | $0.00 |
| Other Refund | $0.00 | $0.00 |
| Liquidated damages this Period | $0.00 | $0.00 |
| Amount Due | $106,447.50 | $1,743,371.10 |

| | This Invoice | All Invoices |
|---|---|---|
| TOTALS | $106,447.50 | $1,743,371.10 |

RMS FORM 93 SUPPLEMENT

GENERAL CONTRACTORS
LASKER
CONSTRUCTION SERVICES

REGION V
M. HENNIGAN - #02
AUG 17 2004
LCR ☐ RUSH ☐
CR ☐ FILE ☐

August 17, 2004

Thomas Crafton
Alber Crafton, PSC
9300 Shelbyville Road
Hurstbourne Place, Ste. 1300
Louisville, KY 40222

RE: C130-J Engine / Propeller Storage Building @ LRAFB, Bond # B8843564

Dear Mr. Crafton:

During our meeting in Little Rock, Arkansas, on July 30, 2004, we disclosed to you the fact that we had submitted another application for payment on the above referenced project. This application was made before the assignment was executed, and we indicated that those funds may be disbursed to us. Those funds, in the amount of $106,477.50, were deposited into our account on August 4, 2004. We fully plan to disburse those funds in their entirety to vendors on this specific project. We will submit copies of the checks as they are cut and the lien releases as they are received.

Please find attached copies of the checks that were disbursed to vendors from the most recent USPS deposit of $61,764.18.

And on the subject of lien releases, please find attached a copy of the "conditional lien release" that we have been using because of our vendor's unwillingness to sign a "final lien release" until they have received their funds. Please provide us with a "conditional lien release" in your language if the attached example is insufficient.

We have also been in discussion with our bonding agent and CPA regarding our payback plan and will be delivering that to you as soon as possible.

Sincerely,

Greg Lasker, President
Lasker Group, Inc.

GL/brh

Cc: Cyril Hollingsworth
Dover, Dixon, Horne, PLLC

Exhibit "7"

412 Sturgis Road \ Conway, Arkansas 72032 \ Phone: (501) 470-3311 \ Fax: (501) 470-1931 \ Email: lasker@arkansas.net

CONDITIONAL FINAL LIEN WAIVER

Upon receipt of the sum of **ONE HUNDRED TEN THOUSAND, ONE HUNDRED FORTY-NINE DOLLARS AND 00/100 CENTS ($110,149.00)** to be paid by The Lasker Group and in exchange for other good and valuable consideration, **Central Industrial Electric Company** for itself and its heirs, legal representatives, agents, successors and assigns, corporation and its respective agents, successors, assigns, officers, directors, shareholders, employees, attorneys, guarantors, sureties and insurers, and any person acting on its or their behalf, **Central Industrial Electric Company** shall hereby fully, finally and forever release The Lasker Group, Lasker, Inc., Lasker Construction, The Cincinnati Insurance Company and the U.S. Army Corps of Engineers and their successors, assigns, representatives, officers, directors, shareholders, employees, attorneys, guarantors, sureties and insurers from any and all injuries, losses, damages, liabilities, defenses, claims, actions, causes of action, suits, debts, promises, demands or agreements of whatever nature or kind, known and unknown, whether based in law or in equity, tort, or contract that **Central Industrial Electric Company** has or may acquire in the future, arising from the performance of work performed or materials supplied by **Central Industrial Electric Company** in connection with the Construction Project known as ***"C-130-J Engine & Propeller Storage"*** located at the Little Rock Air Force Base in Jacksonville, Arkansas.

Upon receipt of final payment in the amount of **$110,149.00, Central Industrial Electric Company** shall waive and release any all rights that may have against the Construction Project, the Project funds being held by the Project's Owner, and the real property upon which the Construction Project improvements were made, including all rights under applicable Mechanic's Lien Laws and the Federal Miller Act.

**Central Industrial Electric Company** also states and affirms that all labor and material utilized by it on the Construction Project has been paid in full or will be paid in full as soon as possible from the monetary payment stated above, that none of those persons furnishing labor or materials to **Central Industrial Electric Company** have or will have any claims, demands or liens against such Construction Project because of **Central Industrial Electric Company**, and **Central Industrial Electric Company**

Exhibit "8"

agrees to hold harmless and indemnify the persons hereby released from any of such claims, demands or liens.

This Release is to be governed and construed in accordance with the laws of the State of Arkansas. All remedies at law or in equity shall be available for the enforcement of this Release, and it may be pleaded as a full bar to the enforcement of any claim covered by it.

This Release has been read and is fully understood, and it is expressly warranted by the undersigned that no promise or inducement has been offered except as set forth in this Release, that upon receipt of **$110,149.00**, the acceptance of such sum is done in full and complete settlement and in full accord and satisfaction; and the terms of the Release are contractual and not mere recital.

It is further understood and agreed that upon receipt of the above consideration, this release constitutes a full and final release of all claims and acknowledgement of payment in full and a waiver of all claims and lien rights against the Construction Project.

IN WITNESS THEREOF, **Central Industrial Electric Company** through a duly-appointed and authorized officer of the corporation, has executed this Release on the date set forth below:

**Central Industrial Electric Company**

By: James Edwards

ADDRESS: 10623 Maumelle Blvd.
North Little Rock, AR 72113

DATE: 8-17-04

State of Arkansas )
) ss:
County of Pulaski )

Subscribed and sworn to before me by James Edwards, a representative of Central Ind. Electric on this 17 day of August, 2004.

Tina Evatt
Tina Evatt
Notary Public
My commission Expires: 9-29-2010

CEI TRAL INDUSTRIAL ELECTRIC CO
INC
10E 23 MAUMELLE BOULEVARD
N L TTLE ROCK AR 72113

THIS CHEC K IS A PARTIAL PAYMENT
FOR CAUS E OF LOSS SURETY BONDS
OTHER FE TURES OF THE CLAIM MAY STILL BE OPEN.

TYPE: ☐ FIRST & FINAL ☐ PARTIAL ☐ FINAL ☐ SUPPLEMENTAL

H.O. EXAMINER # ____ DIARY DATE ____ REPLY REQUESTED ____

ADJUSTER # ____ RESERVE CHANGE NEEDED ____

REPORT # ____ RESERVES CHANGED BY ____

| | WEEKS | INDEMNITY | MEDICAL | EXPENSES |
|---|---|---|---|---|
| RESERVES | | | | |
| PREVIOUS | | | | |
| THIS AMOU IT | | | | |
| TO DATE | | | | |

CINCI NNATI
FINANCIAL C ORPORATION
CINCINNATI, O HIO 45250-5496

THE
CINCINNATI COMPANIES
THE CINCINNATI INSURANCE COMPANY THE CINCINNATI INDEMNITY COMPANY
THE CINCINNATI CASUALTY COMPANY

13-31
420

| POLICY NUMBER | DATE OF LOSS | INSURED | CHECK NUMBER |
|---|---|---|---|
| B 8843564 | 09/16/03 | LASKER INC | 03 0440167 |

| CLAIMANT | AGENCY | AGENCY NO. | DATE |
|---|---|---|---|
| INSD/FIO | RAMSEY, KRUG, FARRELL & LENSIN | 03 002 | 09/10/04 |

AMOUNT *** **************ONE HUNDRED TEN THOUSAND ONE HUNDRED FORTY-NINE/.00

FOR AL CLAIMS

DOLLARS $ **110,149.00

Payable at The Fifth Third Bank
Cincinnati, Ohio 513-870-0012

PAY TO THE ORDER OF
CE NTRAL INDUSTRIAL ELECTRIC CO
IN :
10 623 MAUMELLE BOULEVARD
N ITTLE ROCK AR 72113

COPY VOID

CONDITIONAL FINAL LIEN WAIVER

Upon receipt of the sum of **ONE HUNDRED SEVENTY-THREE THOUSAND, SEVEN HUNDRED THIRTY DOLLARS AND 20/100 CENTS ($173,730.20)** to be paid by The Lasker Group and in exchange for other good and valuable consideration, **Comfort Systems, Inc.** for itself and its heirs, legal representatives, agents, successors and assigns, corporation and its respective agents, successors, assigns, officers, directors, shareholders, employees, attorneys, guarantors, sureties and insurers, and any person acting on its or their behalf, **Comfort Systems, Inc.** shall hereby fully, finally and forever release The Lasker Group, Lasker, Inc., Lasker Construction, The Cincinnati Insurance Company and the U.S. Army Corps of Engineers and their successors, assigns, representatives, officers, directors, shareholders, employees, attorneys, guarantors, sureties and insurers from any and all injuries, losses, damages, liabilities, defenses, claims, actions, causes of action, suits, debts, promises, demands or agreements of whatever nature or kind, known and unknown, whether based in law or in equity, tort, or contract that **Comfort Systems, Inc.** has or may acquire in the future, arising from the performance of work performed or materials supplied by **Comfort Systems, Inc.** in connection with the Construction Project known as ***"C-130-J Engine & Propeller Storage"*** located at the Little Rock Air Force Base in Jacksonville, Arkansas.

Upon receipt of final payment in the amount of **$173,730.20, Comfort Systems, Inc.** shall waive and release any all rights that may have against the Construction Project, the Project funds being held by the Project's Owner, and the real property upon which the Construction Project Improvements were made, including all rights under applicable Mechanic's Lien Laws and the Federal Miller Act.

**Comfort Systems, Inc.** also states and affirms that all labor and material utilized by it on the Construction Project has been paid in full or will be paid in full as soon as possible from the monetary payment stated above, that none of those persons furnishing labor or materials to **Comfort Systems, Inc.** have or will have any claims, demands or liens against such Construction Project because of **Comfort Systems, Inc.**

and **Comfort Systems, Inc.** agrees to hold harmless and indemnify the persons hereby released from any of such claims, demands or liens.

This Release is to be governed and construed in accordance with the laws of the State of Arkansas. All remedies at law or in equity shall be available for the enforcement of this Release, and it may be pleaded as a full bar to the enforcement of any claim covered by it.

This Release has been read and is fully understood, and it is expressly warranted by the undersigned that no promise or inducement has been offered except as set forth in this Release, that upon receipt of **$173,730.20**, the acceptance of such sum is done in full and complete settlement and in full accord and satisfaction; and the terms of the Release are contractual and not mere recital.

It is further understood and agreed that upon receipt of the above consideration, this release constitutes a full and final release of all claims and acknowledgement of payment in full and a waiver of all claims and lien rights against the Construction Project.

IN WITNESS THEREOF, **Comfort Systems, Inc.** through a duly-appointed and authorized officer of the corporation, has executed this Release on the date set forth below:

**Comfort Systems, Inc.**

By: [signature]
CLYDE A. JESTER, PRESIDENT

ADDRESS: P.O. Box 16620
Little Rock, AR 72231

DATE: AUGUST 19, 2004

State of Arkansas )
) ss:
County of Pulaski )

Subscribed and sworn to before me by CLYDE A. JESTER, a representative of COMFORT SYSTEMS USA (AR), INC on this 19TH day of AUGUST, 2004.

[signature: Melissa R. Loomis]
Notary Public
My commission Expires: 8-28-2012

MELISSA R. LOOMIS NOTARY My Comm. Expires 8-28-2012 PUBLIC PULASKI COUNTY, ARK.

MII :E HENNIGAN

THIS CHE :K IS A PARTIAL PAYMENT
FOR CAU: E OF LOSS SURETY BONDS
OTHER FE ATURES OF THE CLAIM MAY STILL BE OPEN.

TYPE: ☐ FIRST & FINAL ☐ PARTIAL ☐ FINAL ☐ SUPPLEMENTAL

H.O. EXAMINEI # ______ DIARY DATE ______ REPLY REQUESTED ______

ADJUSTEI # ______ RESERVE CHANGE NEEDED ______

REPOR' # ______ RESERVES CHANGED BY ______

| | WEEKS | INDEMNITY | MEDICAL | EXPENSES |
|---|---|---|---|---|
| RESERVE | | | | |
| PREVIOUS | | | | |
| THIS AMOUNT | | | | |
| TO DATE | | | | |

CINC NNATI
FINANCIAL :ORPORATION
CINCINNATI, OHIO 45250-5496

THE
CINCINNATI COMPANIES
THE CINCINNATI INSURANCE COMPANY THE CINCINNATI INDEMNITY COMPANY
THE CINCINNATI CASUALTY COMPANY

13-31
420

| POLICY NUMBER | DATE OF LOSS | INSURED | CHECK NUMBER |
|---|---|---|---|
| B 6843564 | 09/18/03 | LASKER INC | 03 0438333 |

| CLAIMANT | AGENCY | AGENCY NO. | DATE |
|---|---|---|---|
| INSD/FIO | RAMSEY, KRUG, FARRELL & LENSIN | 03 002 | 08/24/04 |

AMOUNT ********ONE HUNDRED SEVENTY-THREE THOUSAND SEVEN HUNDRED THIRTY/.20

FOR S :TTLEMENT OF ALL CLAIMS

DOLLARS $ **173,730.20

Payable at The Fifth Third Bank
Cincinnati, Ohio 513-870-0012

PAY TO THE ORDER OF C :MFORT SYSTEMS USA INC

**COPY VOID**

GENERAL CONTRACTORS LASKER CONSTRUCTION SERVICES

August 4, 2004

US Army Corps of Engineers
Little Rock District
Air Force Base Resident Office
P.O. Box 219
Jacksonville, AR 72078-0219

| | | |
|---|---|---|
| Re: | Project: | C130J Engine/Propeller Building<br>Little Rock Air Force Base |
| | Owner: | Little Rock District Corps of Engineers |
| | Original Contract Amount: | $1,811,000.00 |
| | Contract #: | DACA03-03-C-0011 |
| | Bond #: | B8843564 |

To Whom It May Concern:

We, The Lasker Group, Inc., Lasker, Inc., and Lasker Construction, hereby irrevocably demand that all payments now due or to become due on the above project be forwarded directly to J. Michael Hennigan, Cincinnati Insurance Company, 6200 Gilmore Road, P.O. Box 145496, Fairfield, OH 45014-5141. Cincinnati Insurance Company acted as Surety on the Performance and Payments executed on behalf of The Lasker Group, Inc., Lasker, Inc., and Lasker Construction by The Cincinnati Insurance Company ("Cincinnati") with respect to the above project.

There will be no modification or change in these instructions without the written authorization and consent of Cincinnati.

Very truly yours,

Greg Lasker, President
The Lasker Group, Inc., Lasker, Inc.,
and Lasker Construction

cc: J. Michael Hennigan
Thomas E. Crafton

Exhibit "9"

412 Sturgis Road \ Conway, Arkansas 72032 \ Phone: (501) 470-3311 \ Fax: (501) 470-1931 \ Email: lasker@arkansas.net

# ASSIGNMENT FROM PRINCIPAL TO SURETY OF CONTRACT RIGHTS AND PROCEEDS

KNOW ALL MEN BY THESE PRESENTS:

THAT we, The Lasker Group, Inc., Lasker, Inc., and Lasker Construction, of 412 Sturgis Road, Conway, Arkansas, 72034-9261, hereby intending to be legally bound, and in consideration of One and NO/100 Dollars ($1.00), and other good and valuable consideration, receipt whereof is hereby acknowledged, for ourselves and our successors and assigns, do hereby irrevocably assign, transfer and set over unto The Cincinnati Insurance Company, its successors and assigns, all of our right, title and interest in and to any and all payments on account of estimates, change orders (including the final estimates, final payments, and retainages), claims and any other now due or hereafter to become due, arising out of our contracts described and identified as follows:

| | |
|---|---|
| Project: | C130J Engine/Propeller Building<br>Little Rock Air Force Base |
| Owner: | Little Rock District Corps of Engineers |
| Original Contract Amount: | $1,811,000.00 |
| Contract #: | DACA03-03-C-0011 |
| Bond #: | B8843564 |

together with all rights and action accrued or which may accrue thereunder; and we do hereby constitute and appoint said The Cincinnati Insurance Company our true and lawful attorney-in-fact, irrevocably in the premises, to do and perform all acts, matters and things touching upon the premises, in like manner, and to all intents and purposes as we could if personally present.

IN WITNESS WHEREOF, we have caused these presents to be executed by Greg Lasker on this the 4 day of August, 2004.

THE LASKER GROUP, INC., LASKER, INC.
And LASKER CONSTRUCTION

By: ______________________
GREG LASKER, President

(CORPORATE SEAL)

ALBER CRAFTON, PSC
ATTORNEYS AT LAW

Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222
Telephone: (502) 815-5000
Facsimile: (502) 815-5005

Thomas E. Crafton
tcrafton@albercrafton.com

August 30, 2004

VIA FACSIMILE
(501)988-1530

Ron Garner
Contracting Officers Representative
Department of the Army
Little Rock District, Corps of Engineers
PO Box 219
Jacksonville, AR 72078-0219

| | | |
|---|---|---|
| **Re:** | **Our Client:** | **The Cincinnati Insurance Company** |
| | **Bond No.:** | **B80-843564** |
| | **Project:** | **C-130J Engine & Propeller Storage Building** |
| | | **Little Rock Air Force Base, Pulaski County** |
| | **Contract No.:** | **DACA03-03-C-0011** |

Dear Mr. Garner:

On June 25, 2004 I wrote John A. Balgavy via facsimile advising him that Cincinnati Insurance Company ("Cincinnati"), as surety for Lasker Group, Inc. ("Lasker"), had received approximately $400,000.00 of payment bond claims with respect to the C-130J project bonded by Cincinnati. I also, in that letter, requested that any further payments to Mr. Lasker be held up pending further approval of Cincinnati by reason of the payment bond claims against its payment bond.

On June 26, 2004 you wrote Mr. Lasker advising him that further payments would be withheld for reasons set forth in my letter to Mr. Balgavy. Cincinnati, obviously, relied upon your letter sent to Lasker believing that the project funds would be held by the U.S. Corps of Engineers for the benefit of all of the project creditors who had not been paid by Lasker.

We have recently learned that, notwithstanding our direction to withhold payment, the Corps of Engineers has made a recent payment to Lasker in an amount approximating $104,000.00 and furthermore, that Lasker provided only $20,000.00 of those funds to the payment of C-130J project creditors. We believe, therefore, that Cincinnati has been prejudiced by the premature release of funds by the Corps of Engineers and hereby request the Corps of



Exhibit "10"

Engineers to reimburse Cincinnati the full cost and expenses which relate to this premature release of contract funds.

Please contact me at your very earliest convenience concerning this matter.

Very truly yours,

Thomas E. Crafton

TEC/jmw

cc: John A. Balgavy, P.E. (501-988-1530)
J. Michael Hennigan (513-603-5099)
Greg Lasker (501-470-1931)
Cyril Hollingsworth (501-375-6484)
Darrel Johnson (501-324-5680)
Indemnitors (via mail)

DEPARTMENT OF THE ARMY
LITTLE ROCK DISTRICT, CORPS OF ENGINEERS
Post Office Box 867
LITTLE ROCK, ARKANSAS 72203-0867
September 10, 2004

RECEIVED
SEP 1 6 2004
BY:

REPLY TO
ATTENTION OF:
Contracting Division

SUBJECT: Contract No. DACW03-03-C-0011, Engine and Propeller Storage Facility, Little Rock Air Force Base, Arkansas

Alber Crafton, PSC
Attorneys at Law
Attn: Mr Thomas Crafton
Hurstbourne Place, Suite 1300
Louisville, Kentucky 40222

Dear Mr Crafton

We are in receipt of your letter dated August 30, 2004. Your letter states that the District prejudiced the Cincinnati Insurance Company by making payment to the Lasker Group for work performed on the C-130J Engine Propeller Storage Building project. You also state that these payments were made in disregard to information provide to you by the district in a June 26, 2004 letter.

We acknowledge that you were incorrectly informed that we had the authority to withhold payments to Lasker Group based on his nonpayment of subcontractors and suppliers. The Federal Acquisition Regulation, Part 28.106-7(a), Withholding Contract Payments, states "During contract performance, agencies shall not withhold payments due contractors or assignees because subcontractors or suppliers have not been paid." Therefore, we are not authorized to withhold payment to the prime contractor.

The Federal Acquisition Regulation, Part 28.106-7(b) states, "If, after completion of the contract work, the Government receives written notice from the surety regarding the contractor's failure to meet its obligation to its subcontractors or suppliers, the contracting officer shall withhold final payment. However, the surety must agree to hold the Government harmless from any liability resulting from withholding the final payment. The contracting officer will authorize final payment upon agreement between the contractor and surety or upon a judicial determination of the rights of the parties." The Little Rock District did receive an Assignment of Claims on 12 August 2004, dated 4 August 2004 the day after the Lasker Group received their last payment. As I informed you during our last telephone conversation I would try to recover the funds from Mr. Lasker. I specifically asked Mr. Greg Lasker if the Government could debit his bank account and recover the last payment he had received for the subject project. He laughed and said is there

Exhibit "11"

a question here and I restated my request that he give the Government authority to debit his account - he said no. Without the contractor's permission we are not allowed to recover the payment.

We will be glad to further discuss the authority granted by the Federal Acquisition Regulation and the Defense Finance and Accounting System in resolving this matter. Please feel free to contact me at (501) 324-5720 ext 1166 or email me at darrel.l.johnson@swl02.usace.army.mil.

Sincerely,

Darrel L. Johnson
Contracting Officer

Copy Furnished:
CESWL-EC-C
CESWL-EC-CA
CESWL-EC-CM
CESWL-OC

ALBER CRAFTON, PSC
ATTORNEYS AT LAW

Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222
Telephone: (502) 815-5000
Facsimile: (502) 815-5005

G. Bruce Stigger
bstigger@albercrafton.com

February 11, 2005

Daniel L. Johnson, Contracting Officer
Department of the Army
Little Rock District, Corps of Engineers
P.O. Box 867
Little Rock, Arkansas 72203-0867

Re: Contract No. DACW03-0022, Engine and Propeller Storage Facility,
Little Rock Air Force Base, Arkansas
Request for Contracting Officer's Decision

Dear Contracting Officer:

As you are aware, this office represents Cincinnati Insurance Company ("CIC") who was the Miller Act surety to the Lasker Group on the above-referenced Project. In response to your letter to this office's Thomas Crafton dated September 10, 2004, we believe your reliance upon FAR 28.106-7 is misplaced. In situations whereby the Miller Act surety asserts the Government has improperly released progress payments to the construction contractor, the key question is whether the contracting officer reasonably exercised his discretion by paying the contractor. The American Insurance Co. v. The United States, 62 Fed.Ct. 151 (2004). With respect to the Corps' wrongful payment of $106,477.50 to Lasker on August 4, 2004, it is our opinion that the Contracting Officer abused this discretion by authorizing such payment and CIC's security has been prejudiced thereby.

The chronology of events pertinent to this issue are as follows:

May 20, 2004 (Tab A): Letter from John Balgavy, the Contracting Officer's representative, notifies Lasker as well as CIC and the SBA of Lasker's failure to pay subcontractors and Lasker's possible violations of Prompt Payment Act (31 USC §3905), and the Prompt Payment for Construction Contracts Clause (FAR 52.232-27).

June 23, 2004 (Tab B): Fax from Corps to Tom Crafton, CIC Counsel, enclosing Lasker Pay Application #10 with subcontractor payment certification.

June 25, 2004 (Tab C): Letter from Tom Crafton, CIC counsel, to Mr. Balgavy notifying the Corps of Lasker's unpaid subcontractors and Lasker's apparent false certification with Pay Application #10, and Lasker's inability to comply with its Prompt Payment



Exhibit "12"

obligations. Also requests the Corps to review Lasker's contract status, to enforce their contract obligations and notifies the Corps that all surety consents for payments to Lasker are withdrawn.

June 26, 2004 (Tab D): Letter from Rod Garner, the Contracting Officer's representative, to Lasker notifying it that the Corps finds Lasker Pay Application #10 to be improperly submitted due to:

a. Requesting 100% for activities which still require punch list work;
b. Remaining contract balance is insufficient ... "to protect Government's interest for outstanding payments due subcontractors and/or suppliers."
c. Breach of contract by not paying subcontractors properly;
d. False certification included with pay application.

Mr. Garner also states that the Corps will take no action on Lasker's Pay Application No. 10. However, Lasker was allowed to re-submit the pay application upon satisfying the above-described problems. This notice was also provided to Mr. Crafton and CIC by fax on June 26, 2004.

August 4, 2004 (Tab E): Lasker's letter directs the Corps to forward all payments due or to become due to CIC. Lasker also provides the Corps with an "Assignment from Principal to Surety of Contract Rights and Proceeds" dated August 4, 2004.

August 11, 2004 (Tab F): Barry Jundt of the Contracting Officer's Office emails Lasker acknowledging discussing the Notice of Assignment on August 10, 2004 and states the Corps will accept this Assignment to assist Lasker in its relations with its surety, CIC.

August 30, 2004 (Tab G): Mr. Crafton letter to Mr. Garner addressing release of contract funds to Lasker despite surety's prior request to withhold funds due to unpaid subcontractors and Corps' prior letter advising Lasker that payments were being withheld pending resolution of subcontractor debts. Crafton requests the Corps to reimburse CIC for damages associated with Corps' improper payment to Lasker.

Sept. 10, 2004 (Tab H): Darrel L. Johnson, Contracting Officer, responds to Crafton's August 30, 2004 letter and denies Crafton's request for reimbursement of the Corps' improper payment. According to Mr. Johnson, the Corps made and Lasker received the subject payment on August 11, 2004. The next day the Little Rock District received Lasker's Assignment of Claims. Mr. Johnson requests to Lasker to return the improper payment were refused.

As you are aware, the Government has an obligation owing to the surety to make payments to the contractor in accordance with the bonded contract and ... "to administer the contract, during the course of its performance, in a way that does not materially increase the risk that was assumed by the surety when the contract was bonded." National Surety Corp. v. United

States, 118 F.3d 1542, 1546 (1997); American Insurance, 62 Fed.Ct. @ 156. The Federal courts have gone on to declare that

> Contract terms that provide security for the bonded performance cannot be ignored, waived, or modified without consideration of the surety's interests ... The government's failure to retain the required sums during the performance of the contract was a change in the terms from those on which the surety provided the bonds. American Insurance, 62 Fed.Ct. @ 157.

Further, the courts have found that contract retainage provisions serve as security for performance of the bonded contract and when the Government knows the contractor/principal has not met the condition precedent required for the Government to release contract funds but still pays the contractor, the surety is entitled to recover its actual damages occasioned by the Government's improper release of monies in contradiction to the terms of the bonded contract. National Surety, 118 F.3d @ 1547.

Here, the Corps had prior knowledge of Lasker's problems with not paying its subcontractors in violation of its Prompt Payment obligations, and pursuant to its contract, properly advised Lasker (and CIC) that it would take no action on Lasker's pending pay application until Lasker remedied their subcontractor payment problems.

Notwithstanding the above obligations owing to CIC, the Corps apparently waived the requirement that Lasker comply with its Prompt Payment obligations and paid said amount without proof that Lasker had complied with its contract requirements by paying its subcontractors and suppliers. By doing so, the Corps disregarded CIC's security interests in the bonded contract. As a result, the Corps disbursed $106,477.50 to Lasker and instead of the full amount being paid to Lasker's subcontractors and suppliers for this bonded Project (and thus reducing CIC's financial exposure on the bonded Project), only approximately $20,000.00[1] went to those creditors. The remaining sum of approximately $86,000.00 apparently went to other Lasker creditors or debts. That was the last payment that Lasker received on this Project. Recovery of this improper payment from Lasker has been unsuccessful.

As a result of the Contracting Officer's abuse of discretion by releasing contract funds even though Lasker had over-billed for certain activities and were on notice that Lasker had failed to properly pay its subcontractors, contract funds in the amount of $106,477.50 were improperly released by the Corps. In further disobeyance of the contract requirements and its Prompt Payment obligations, Lasker only applied approximately $86,000.00 of said payment to creditors of the bonded contract. By doing so, the Corps has impaired CIC's surety status and

[1] The amount of $20,000 was estimated by Greg Lasker but such amount has not been audited or otherwise verified by CIC. CIC reserves the right to amend said amount.

has increased its costs to perform its bonded obligations. Recovery of said improper payment has been fruitless and CIC has incurred damages of approximately $86,000.00 as a direct result thereof.

Based upon the above and the doctrine of equitable subrogation, CIC respectfully requests that a Contracting Officer's Decision be issued granting CIC's request to be reimbursed for all damages incurred as a result of the above described abuse of discretion (approximately $86,000.00).[2]

Respectfully submitted,

G. Bruce Stigger
*Counsel for Cincinnati Insurance Company*

GBS:ss

CERTIFICATION

I, Michael J. Hennigan, am the Associate Manager – Bond Claims for Cincinnati Insurance Company, Inc., and hereby certify that the above claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment of which Cincinnati Insurance Company believes the government is liable, and that I am duly authorized to certify the above claim on behalf of Cincinnati Insurance Company.

Michael J. Hennigan, Associate Manager -- Bond Claims
CINCINNATI INSURANCE COMPANY

Subscribed and sworn to before me this
10th day of February, 2005.
My commission expires: 10/22/07

Notary Public
**VICKI A. GALL**
**Notary Public, State of Ohio**
**My Commission Expires 10-22-07**

[2] Pending final determination of an audit to determine how Lasker spent the subject payment, CIC reserves the right to amend this amount requested.

Contracting Division

G. Bruce Stigger
Counsel for Cincinnati Insurance Company
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222

Subject: Contract No. DACW03-C-0022, Engine and Propeller Storage Facility, Little Rock Air Force Base

Dear Mr. Stigger:

This letter is in response to your letter of February 11, 2005, wherein you requested a Contracting Officer's final decision regarding an alleged wrongful payment to Lasker, Inc, (the prime contractor) on August 4, 2004, in the amount of $106,477.50. According to your letter, this payment should not have been made by the government until the non-payment of sub-contractors had been fully resolved. Your client is alleged to have suffered damages of approximately $86,000 as a result.

Since receipt of your letter, there have been several communications in an attempt to ascertain the facts and to discuss our respective positions. That has been helpful but has not led to any resolution satisfactory to both parties. Regardless, I appreciate the communications.

Although you have requested a Contracting Officer's final decision, one will not be issued as a Payment Bond surety lacks the requisite standing under the Contract Disputes Act. However, I will respond to the general allegation that a wrongful payment was made to the prime contractor.

At the time the payment in question was made, not all work on the project had been completed and this payment was not final payment. In fact over $60,000 remained to be paid. Thus, at the time of the payment on August 4, 2004, I believe the situation was governed by Federal Acquisition Regulation 28.106-7, entitled "Withholding contract payments," which reads: "During contract performance, agencies **shall not** withhold payments due contractors or assignees because subcontractors or suppliers have not been paid." (emphasis added) It is my reading of this regulation that I had no discretion to withhold payment from the contractor under these circumstances. Having no discretion to exercise, it is therefore not possible to abuse such discretion as alleged in your letter.

Based upon the above, I do not believe there was an erroneous payment made to the prime contractor, nor do I believe that the Government is indebted to the Payment Bond surety for any amounts under the prime contract.

Sincerely,

Exhibit "13"

Sandra K. Easter
Contracting Officer