**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CINCINNATI INSURANCE COMPANY,**

**vs.** **No. 05-751C**
**Judge Firestone**

**THE UNITED STATES OF AMERICA**

**CINCINNATI INSURANCE COMPANY'S**
**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Comes now, Cincinnati Insurance Company (hereinafter referred to as "Cincinnati" or "Plaintiff") and makes and files this, its Proposed Findings of Uncontroverted Facts in support of its Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and shows this Court the following undisputed issues of material fact:

1.

In 2003, the United States Army Corps of Engineers ("Corps") entered into a construction contract with Lasker, Inc. ("Lasker"). The original contractual price was $1,811,000. Cincinnati, as surety, provided payment and performance bonds for the Project in the final sums of $1,811,000. Complaint ¶ 3.

2.

By letter dated May 20, 2004, the Corps notifies Lasker that it has received letters from Lasker's subcontractors complaining that they had not been paid for work on the Corps' Project. The Corps' Contracting Office's Representative notifies Lasker of the contract 's payment obligations with respect to subcontractor and how Lasker is apparently disregarding these obligations. The Corps also demands Laskers' subcontractors be paid within seven (7) days or

that the Corps be provided with justification for this non-payment. A copy of this letter was also sent to Cincinnati and the U.S. Small Business Administration. Exhibit 1.

3.

On June 17, 2004, Lasker submitted Pay Application No. 10 to the Corps requesting payment of $146,247.40. As of that time, the unpaid contract balance was $183,684.40 (approximately 10% of the contract amount) leaving $37,410 (or approximately 2% of the contract amount) to be held by the Corps as “Balance to Finish, Plus as the Retainer.” Exhibit 2. This Pay Application was not paid.

4.

On June 23, 2004, the Corps advised Cincinnati that it would pay the sum of $67,000 to Lasker but withheld $116,000 for close-out, punch-list and incomplete work. Exhibit 3.

5.

By letter dated June 25, 2004, Cincinnati notified the Corps that it had received payment bond claims from several of Lasker’s subcontractors on the Project including Central Industrial Electric Company and Confort Systems Inc. totaling about $400,000 – even though the unpaid contract balance for the Project at that time was only $183,687.40. Since it was apparent that Lasker had breached its payment obligations owing to its subcontractors as well as the Prompt Payment Act (31 USC 3905), Cincinnati requested the Corps to review its contract with Lasker and enforce the contract provisions relating to subcontractor payment. Additionally, Cincinnati stated that all consents of surety for payments to Lasker were immediately withdrawn. Exhibit 4.

6.

By letter dated June 26, 2004, the Contracting Office's representative for the Corps notified Lasker that Lasker's Pay Application No. 10 was improperly submitted due to:

a. Lasker's requesting payment of 100% for activities which still require punch list work to be performed;

b. The unpaid contract balance was insufficient ". . . to protect government's interest for outstanding payments due subcontractors and/or suppliers";

c. Lasker's breach of contract by not paying subcontractors properly; and

d. False certification included with Pay Application No. 10.

The Corps also states that it will take no action on Lasker's Pay Application No. 10. However, Lasker would be allowed to re-submit the Pay Application upon satisfying the above-described problems. This letter was also faxed to Cincinnati on June 26, 2004. On July 26, 2004, Lasker submitted Revised Pay Application No. 10 for the slightly reduced amount of $116,395.80. Exhibit 5.

7.

Without receiving any proof that Lasker had in fact remedied the numerous problems identified in the Corps' June 26, 2004 letter, Lasker nevertheless submitted Revised Pay Application (Exhibit 6) to the Corps and the Corps paid $106,447.50 to Lasker on August 4, 2004. The due date for such payment was August 10, 2004 but it was apparently electronically transferred by the Corps to Lasker's bank account on August 4, 2004. Exhibit 7.

8.

As of mid August 2004, Lasker still owed substantial amounts to its subcontractors on the Project including $110, 149.00 to Central Industrial Electric Co. and $173,730.20 to Comfort

Systems Inc. Cincinnati paid these subcontractors. Lasker's debts owed to these subcontractors in late August/early September 2004. Exhibit 8.

9.

By letter faxed to the Corps on August 4, 2004, Lasker directs all payments due or to become due be forwarded to Cincinnati and Lasker encloses a fully executed "Assignment from Principal to Surety of Contract Rights & Proceeds, dated August 4, 2004. Exhibit 9.

10.

On August 30, 2004, Cincinnati sends letter to Corps addressing the payment to Lasker and the Corps' mandate that payments would not be made without Lasker's compliance with its legal obligations owing to the Corps and its subcontractors. Cincinnati also requests that the Corps reimburse for the damages associated with the Corps improper payment to Lasker. Exhibit 10.

11.

The Corps Contracting Officer responds on September 10, 2004 and advises Lasker that the Corps will not recover their payment from Lasker. Exhibit 11.

12.

On February 11, 2005, Cincinnati submitted its certified claim to the Corps which was denied by the Contracting Officer on May 17, 2005. Exhibit 12.

13.

The Corps' payment of $106,447.50 to Lasker, Lasker used only approximately $20,000 on debts incurred on the bonded Project. All other payment funds (approximately $86,000) paid to Lasker were spent on other Projects or debts. Exhibit 13.

14.

As a result of the Corps' improper payment to Lasker, Cincinnati's rights have been prejudiced.

Respectfully submitted,

*s/ G. Bruce Stigger*

G. BRUCE STIGGER
ALBER CRAFTON, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222
Telephone: (502) 815-5000
Facsimile: (502) 815-5005
COUNSEL FOR PLAINTIFF,
CINCINNATI INSURANCE COMPANY

Dated: November 28th, 2005

CERTIFICATE OF SERVICE

I hereby certify that on November 28th, 2005, a copy of the foregoing Proposed Findings Of Uncontroverted Fact was filed electronically. I understand that notice of this filing will be sent to counsel for all parties by the Court's electronic filing system. Parties may access a copy of this filing via the Court's electronic filing system.

David M. Cohen
Director

Peter D. Keisler
Assistant Attorney General

James M. Kinsella
Deputy Director

Doris S. Finnerman, Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

*s/ G. Bruce Stigger*
G. Bruce Stigger