**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CINCINNATI INSURANCE COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 05-751C (Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**CINCINNATI INSURANCE COMPANY'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Comes now Cincinnati Insurance Company ("hereinafter referred to as "Cincinnati" or "Plaintiff"), and makes and files this, its Response to Defendant's Proposed Findings of Uncontroverted Fact in Support of Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment against Cincinnati, and shows this Court the following:

1. Admitted.

2. Admitted.

3. Disputed. Cincinnati admits that on or about June 17, 2004, Lasker submitted Pay Application No. 10 seeking $146,247.40. At the time of submission of this Pay Application, Lasker had already received $1,636,923.60 leaving an unpaid contract balance of $183,684.40. Cincinnati also admits that while Pay Application No. 10 may not have been a request for full and final payment, it was a request for reduction of retainage down to approximately 2%.

4. Admitted.

5. Disputed. Cincinnati admits that Defendant's Exhibit No. 3 appears to be true and accurate copy of the subject June 25, 2004 letter. In that it is a letter addressed to the contracting officers representative advising that Cincinnati had received claims from Lasker's subcontractors in excess to the outstanding contract balances owed by the government to Lasker. In addition to advising the government of apparent false certification of its Pay Application concerning prior payments to subcontractors, Cincinnati requested that the government review its contract with Lasker and enforce the contract revisions which apply to these situations. Cincinnati also states that all previous consents of surety with respect to payments to Lasker are hereby withdrawn.

6. Disputed. As of June 18, 2004, Cincinnati admits that the contract work was substantially complete as of that date and Lasker had requested payment of 98% of the contract funds. Cincinnati also admits that as of June 18, 2004, several punch list items still needed to be addressed. Cincinnati denies the remaining allegations of Paragraph 6.

7. Disputed. Cincinnati admits that on June 26, 2004, the contracting officer's representative advised Lasker that its Pay Application No. 10 was "not a proper invoice pursuant to the provisions of the contract Section 00700, Contract Clause 52.232-27 . . ." Cincinnati admits that the reasons stated for rejecting the application were Lasker's requesting payment for activities as 100% complete when such activities were not 100% complete, the fact that the remaining contract balance was insufficient to protect the government's interest for outstanding payments due subcontractors and/or suppliers, the fact that subcontractors had not been paid from previous payments disbursed as required by the contract, and, accordingly, Lasker's false certification

pursuant to FAR 52.232-5 that it had made payments to subcontractors and/or suppliers from previous payments disbursed as required by the contract. Cincinnati admits that said letter that Lasker could resubmit this Pay Application ". . . upon satisfying the above items."

8. Admitted.

9. Denied. Cincinnati denies that payment was made to Lasker in the amount of $106,447.50 on August 3, 2004. Cincinnati admits that said payment was made to Lasker on August 4, 2004.

10. Admitted.

11. Admitted.

12. Disputed. Cincinnati admits that the contracting officer responded on September 10, 2004 advising Cincinnati that it was his opinion that he was precluded from withholding payment to Lasker pursuant to FAR 26.106-7(a). Cincinnati admits that the letter states that the Corps had received a "Assignment of Claims" on August 12, 2004 but that payment to Lasker had already been made.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

Respectfully submitted,

*s/ G. Bruce Stigger*

G. Bruce Stigger
ALBER CRAFTON, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, KY 40222
Telephone: 502-815-5000
Facsimile: 502-815-5005
*Attorneys for Plaintiff*
*Cincinnati Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28th, 2005, a copy of the foregoing Response To Defendant's Proposed Findings Of Uncontroverted Fact was filed electronically. I understand that notice of this filing will be sent to counsel for all parties by the Court's electronic filing system. Parties may access a copy of this filing via the Court's electronic filing system.

David M. Cohen
Director

Peter D. Keisler
Assistant Attorney General

James M. Kinsella
Deputy Director

Doris S. Finnerman, Trial Attorney
Commercial Litigation Branch
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530

*s/ G. Bruce Stigger*

G. Bruce Stigger