IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-751C |
| v. | ) | Judge Firestone |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's order dated June 2, 2006, the parties submit this joint status report regarding future proceedings to resolve this litigation.

The Plaintiff's Position:

In reviewing the Government's argument that FAR 28.106-7 prohibited the contracting officer during contract performance from withholding progress payments because subcontractors or suppliers have not been paid, the Court's decision questioned this provision's application to the instant facts. The Court's denial of the Government's Motion for Summary Judgment was based upon there being an issue of material fact as to whether contract performance was still ongoing as of August 4, 2004, the date of the Corps' payment to Lasker. While this FAR provision may address instances when subcontractors are not getting paid, this FAR provision has no application when Lasker had violated its contract with the Corps, the Prompt Payment Act, and the False Claims Act. Additionally, this Court has previously ruled that this FAR provision is inapplicable to payments being made following substantial completion of the project (Appeal of Indiana Lumberman's Mutual Insurance Co., 15 Cl. Ct. 62 (1988)), and the Government has previously admitted that the subject project was substantially complete some 45 days before the August 4, 2004 payment was made.

The Government also does not have the ability or discretion to ignore, waive or modify terms of the contract which provide security for the bonded project without considering the surety's interests or which would materially increase the surety's risk. By making payment to Lasker while knowing of Lasker's various violations and breaches, the Government wrongfully released payment and is liable to the Plaintiff for the resulting damages.

The Plaintiff submits that the parties proceed forward with the discovery process and then have this matter set for trial.

<u>The Defendant's Postition</u>:

The Court's decision found that the issue of contract completion at the time that notification and payment were made is "in dispute and is material to the case." In order to resolve this factual dispute, the Government proposes that the parties could file stipulated facts regarding the status of contract performance, from which the Court may then determine whether performance was complete. The Government submits, however, that it is entitled to judgment regardless of the state of completion of the contract.

FAR § 28.106-7(a) provides that, "[d]uring contract performance, agencies <u>shall not</u> withhold payments due contractors or assignees because subcontractors or suppliers have not been paid." (Emphasis added.) This Court acknowledged the Government's right to continue making progress payments during contract performance, stating, "'during performance of a contract, the Government's role is substantially different from that of a mere stakeholder of the final contract payment. During performance of a contract, the Government has a vital interest in the contract's completion and, as such, its contracting officer is vested with broad discretion in administering the contract for the purpose of promoting performance.' Therefore, 'the decision

of a Government contracting officer that a progress payment to a financially strapped contractor should not be withheld will be accorded deference by this court . . . .'" Cincinnati Ins. Co. v. United States, 2006 WL 1645031, *4 (Fed. Cl. 2006) (citations omitted). Thus, if the Court determines that contract work was ongoing, the Government's decision to make progress payments should be accorded deference, and the Court should enter judgment for the defendant.

Alternatively, FAR § 28.106-7(b) provides that, after completion of the contract work, "the contracting officer shall withhold final payment. However, the surety must agree to hold the Government harmless from any liability resulting from withholding the final payment." In this case, the plaintiff did not agree to hold the Government harmless. Accordingly, it has not satisfied a condition precedent for requiring the Government to withhold final payment. Thus, even if the Court determines that the contract work was "complete," which it was not , the Court should enter judgment for the defendant.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Donald E. Kinner
DONALD E. KINNER
Deputy Director

s/ G. Bruce Stigger
G. BRUCE STIGGER
Alber Crafton, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, KY 40222
Tel: (502) 815-5000
Fax: (502) 815-5005

Attorney for Plaintiff

s/ Doris S. Finnerman
DORIS S. FINNERMAN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Department of Justice
Tel: (202) 307-0300
Fax: (202) 305-7643

Attorneys for Defendant

July 7, 2006