IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-751C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On or about March 10, 2003, the United States Army Corps of Engineers (the "Corps") entered into a construction contract with Lasker, Inc., to perform work at the C-130J Engine and Propellor Storage Building, Little Rock Air Force Base. On March 24, 2003, plaintiff, Cincinnati Insurance Company, provided a payment bond to Lasker for the project.

2. On June 25, 2004, Cincinnati Insurance Company notified the Corps that Lasker had not paid all subcontractors for work performed on the project. Subsequently, Cincinnati Insurance Company resolved all outstanding subcontractor claims pursuant to its obligations under the payment bond by making payments in excess of $150,000.

3. On July 14, 2005, Cincinnati Insurance Company filed this suit seeking damages of $86,500 from the United States under a claim for equitable subrogation.

4. Cincinnati Insurance Company has offered to settle all of its claims in this case in exchange for payment by the United States of $63,750, inclusive of interest, with each party to bear its own costs, expenses, and attorney fees.

5. Cincinnati Insurance Company's offer has been accepted on behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of Cincinnati Insurance Company as set out in paragraph 4.

7. Upon entry of judgment, Cincinnati Insurance Company releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract, payment bond and claim of equitable subrogation involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, and damages of any sort.

8. This stipulation is in no way related to or concerned with income or other taxes for which Cincinnati Insurance Company is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. Except for any legal proceeding by Cincinnati seeking indemnification from Lasker, Inc. and/or any other indemnitor(s) except the United States for losses incurred on the subject construction contract and not recovered from the United States as a result of this stipulation, Cincinnati Insurance Company warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Cincinnati Insurance Company further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States

pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Cincinnati Insurance Company, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

10. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. Plaintiff's counsel represents that he been and is authorized to enter into this stipulation on behalf of Cincinnati Insurance Company.

12. This document constitutes a complete integration of the stipulation between the

parties and supercedes any and all prior oral or written representations, understandings, or agreements among or between them.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

s/ G. Bruce Stigger
G. BRUCE STIGGER
Alber Crafton, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, KY 40222
Telephone: (212) 969-3370

Attorney for Plaintiff

Dated: January 9, 2008

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director
Authorized Representative
of the Attorney General

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0541
Facsimile: (202) 305-7643

OF COUNSEL:

JAMES R. DAUGHERTY
Deputy District Counsel
U.S. Army Corps of Engineers
Little Rock District

Attorneys for Defendant

Dated: January 9, 2008

CERTIFICATE OF FILING

I hereby certify that on January 9, 2008, a copy of foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kirk T. Manhardt
Kirk T. Manhardt